UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED AIR LINES, INC. RETIREMENT AND WELFARE ADMINISTRATION COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM VAN SLYCK,<br><br>Defendant. | No. 07 C 4289<br><br>Judge John W. Darrah |
| WILLIAM VAN SLYCK,<br><br>Counter-Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC. RETIREMENT AND WELFARE ADMINISTRATION COMMITTEE; and UNITED AIR LINES, INC.,<br><br>Counter-Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff/Counter-Defendant, United Air Lines, Inc. Retirement and Welfare Administration Committee ("UALRWAC"), filed suit against Defendant/Counter-Plaintiff, William Van Slyck. UALRWAC's Complaint seeks enforcement of the Employee Retirement Security Act of 1974 ("ERISA") plan pursuant to 29 U.S.C. § 1132(a)(3) (Count I) or relief for unjust enrichment under the federal common law of ERISA (Count II). UALRWAC seeks to recover the overpayment of long-term disability

benefits to Van Slyck in the amount of $261,559.59. Van Slyck filed the present motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) is subject to the same standard as a motion for summary judgment, except that the district court may only consider the contents of the pleadings. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) (*Alexander*). All the plaintiff's well-pleaded allegations are taken to be true, and all reasonable inferences are made in favor of the plaintiff. *Alexander*, 994 F.2d at 336. Accordingly, judgment on the pleadings is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Alexander*, 994 F.2d at 336.

## BACKGROUND

A reading of UALRWAC's Complaint supports the following summary of the alleged conduct of the parties.

UALRWAC administers an employee welfare benefit plan pursuant to ERISA ("the Plan") for United Air Lines, Inc. Van Slyck was employed as a pilot for United Air Lines, Inc. In 1995, Van Slyck began receiving long-term disability benefits from the Plan. These benefits continued through August 31, 2005. On November 1, 2002, Van Slyck voluntarily retired and began receiving retirement benefits until August 31, 2005. Section 5.4 of the Plan provides for a benefits reduction where an employee voluntarily retires and is receiving disability benefits.

2

UALRWAC filed suit, alleging that Van Slyck was overpaid from November 1, 2002 through August 31, 2005, because Van Slyck was receiving both long-term disability benefits and retirement benefits during that period. UALRWAC seeks to recover $261,559.59 that UALRWAC alleges a right to recover under Section 5.4 of the Plan.

The Plan contains a "Limitations on Actions" provision that reads in pertinent part:

> No action at law or in equity will be brought to recover under the Plan before the expiration of 60 days after a claim form has been filed in accordance with the requirements of section 10.2. of the Plan, nor will any action be brought at all within three years from the expiration of the time within which the filing of a claim form is required by the plan.

Section 10.2, which is referenced in the "Limitations on Actions" provision, reads in pertinent part:

> [UALRWAC] or its designee, when it receives the notice of the Permanent Grounding, will furnish a claim form to the Pilot or his representative. The completed claim form must be filed with PAWPAC or its designee within 90 days after the date the form was received. Failure to file a claim form within the time provided in this section will neither invalidate nor reduce any claim if it is shown that it was not reasonably possible to file within that time and that it was filed as soon as was reasonably possible.

Van Slyck filed the present motion for Judgment on the Pleadings, arguing that the Plan's "Limitations on Actions" provision requires dismissal because the time period for filing an action has passed. Van Slyck argues in the alternative that the relief sought by UALRWAC is not proper equitable relief under ERISA and that the Seventh Circuit does not recognize unjust enrichment claims under the federal common law of ERISA.

3

## ANALYSIS

Van Slyck first argues that the "Limitations on Actions" provision, which precludes all actions not brought "within three years from the expiration of the time within which the filing of a claim form is required by the plan," applies to UALRWAC's claims. Van Slyck argues that UALRWAC's action is precluded because it was filed on July 31, 2007, over four years after the initial overpayment on November 1, 2002.

When interpreting the terms of an ERISA plan, the Seventh Circuit applies "general principles of contract law under the federal common law." *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 659 (7th Cir. 2005); *Bock v. Computer Assocs. Int'l, Inc.*, 257 F.3d 700, 704 (7th Cir. 2001). Courts must "interpret terms of ERISA plans in an ordinary and popular sense as would a person of average intelligence and experience." *Kamler v. H/N Telecommunication Services, Inc.*, 305 F.3d 672, 680 (7th Cir. 2002) (*Kamler*), quoting *Swaback v. Am. Info. Techs. Corp.*, 103 F.3d 535, 540-41 (7th Cir.1996). The first task is to determine whether the terms of an ERISA plan are ambiguous. *Kamler*, 305 F.3d at 680, quoting *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001) (*Neuma*). Where the terms of an ERISA plan are unambiguous, a court will only look to the "four corners" of the plan. *Kamler*, 305 F.3d at 680, quoting *Neuma*, 259 F.3d at 873.

In the case at bar, based on principles of federal common-law contract interpretation, the "Limitations on Actions" provision only applies to participants in the Plan and not UALRWAC, the Plan's administrator. The "Limitations on Actions" provision references "the filing of a claim form" as the starting point for the limitations period. The provision also references Section 10.2 of the Plan, which specifies the mechanics by which a claim form is issued and should be completed. The Plan's administrator is not entitled to file a

claim form. Based on a reasonable interpretation, the provision limiting actions only applies to actions of Plan participants. Therefore, UALRWAC's action is not barred by the time period in the "Limitations on Actions" provision.

Where there is no applicable statute of limitations in an ERISA plan, the statute of limitations is governed by the "most analogous state statute of limitations." *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996) (*Daill*). In *Daill*, the court applied the ten-year limitations period under Illinois law for written contracts to the claim brought under ERISA. *Daill*, 100 F.3d at 65, citing 735 ILCS 5/13-206. Illinois law also provides a five-year statute of limitations period for all civil actions in which no express limitations period exists. 735 ILCS 5/13-205.

Here, because there is no applicable statute of limitations in the Plan, the "most analogous state statute of limitations" applies. Either the ten-year limitations period under Illinois contract law or the five-year period for civil actions without an express limitations period could apply in the present case. Both parties agree, at a minimum, that the five-year limitations period for civil actions where no express limitations period exists is the "most analogous state statute of limitations." UALRWAC filed the present action on July 31, 2007, four years after the initial overpayment to Van Slyck. Therefore, UALRWAC's claim is not barred because the suit was filed within the five-year period; and it is immaterial which of the analogous state statute of limitations applies.

Van Slyck also argues that the relief sought by UALRWAC is not proper equitable relief under ERISA. Van Slyck contends that UALRWAC has not identified a specific identifiable fund; thus, the relief sought is not proper equitable relief.

Under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a), a fiduciary may bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the Plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the Plan.

In *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 363 (2006) (*Sereboff*), the United States Supreme Court held that to invoke jurisdiction under § 502(a)(3)(B), a plan administrator must seek a category of relief available in equity. In general, equitable relief in the form of restitution is only appropriate where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Insurance Co. v. Kundson*, 534 U.S. 204, 213 (2002). However, in *Sereboff*, the Court held that there is no tracing requirement where there is an equitable lien by agreement. *See Sereboff*, 547 U.S. at 364-65, citing *Barnes v. Alexander*, 232 U.S. 117, 123 (1914). In *Fregeau v. Life Ins. Co. of North America*, the court held that an equitable lien by agreement was created by a plan provision that provided for repayment of any overpayment of benefits. 490 F. Supp.2d 928, 931 (N.D. Ill. 2007); *see also Rogozinski v. Hartford Life and Accident Ins. Co.*, 2007 WL 2409810 *8-9 (N.D. Ill. Aug. 21, 2007) (holding that plan provision requiring the offsetting of benefits created an equitable lien by agreement; and, thus, relief sought was appropriate under ERISA).

In the case at bar, Section 5.4 of the Plan provides for offsetting of benefits where a participant retires and is receiving disability benefits. Based on *Sereboff*, Section 5.4 creates an equitable lien by agreement; and there is no requirement that UALRWAC trace a specific

6

identifiable fund. Thus, UALRWAC's equitable relief, in the form of repayment of the disability benefits allegedly overpaid to Van Slyck, is proper equitable relief under § 502(a)(3)(B); and Van Slyck is not entitled to judgment on the pleadings as to Count I.

Van Slyck's final contention is that judgment on the pleadings should be granted on UALRWAC's claim for unjust enrichment under the federal common law of ERISA. Van Slyck argues that the Seventh Circuit does not allow unjust enrichment claims under the federal common law of ERISA.

The Seventh Circuit holds that "restitution by pension and welfare funds is governed by federal common law in the shadow of ERISA." *Central States v. Pathology Laboratories*, 71 F.3d 1251, 1254 (7th Cir. 1995) (*Central States*), citing *Central States Health & Welfare Fund v. Neurobehavioral Associates, P.A.*, 53 F.3d 172 (7th Cir.1995); *UIU Severance Pay Trust Fund v. United Steelworkers of America*, 998 F.2d 509 (7th Cir.1993)). The Seventh Circuit has acknowledged the possibility of restitution in the form of unjust enrichment under ERISA. *See Harris Trust and Sav. Bank v. Provident Life and Acc. Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995) (holding that plan would have prevailed in action for overpayment of benefits under either § 502(a)(3)(B) or unjust enrichment under the federal common law of ERISA); *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004) (holding that AIG could pursue its federal claim for unjust enrichment under ERISA in state court, while dismissing the counterclaim because AIG failed to "characterize its counterclaim as compulsory" nor did AIG invoke supplemental jurisdiction); *Smith v. Accenture U.S. Group Long-Term Disability Ins. Plan*, 2006 WL 2644957 *2 (N.D. Ill. Sept. 13, 2006) ("there is a

circuit split on the issue of whether a federal common law cause of action for unjust enrichment exists under the circumstances in the instant case . . . the Seventh Circuit appears to have acknowledged that such a cause of action exists").

In the case at bar, UALRWAC seeks relief for unjust enrichment under the federal common law of ERISA. UALRWAC seeks a repayment of benefits that were allegedly mistakenly overpaid. Based on Seventh Circuit precedent, this is a viable claim; and Van Slyck's argument to the contrary is unsupported by the case law. Therefore, Van Slyck is not entitled to judgment on the pleadings as to Count II.

## CONCLUSION

For the foregoing reasons, Van Slyck's Motion for Judgment on the Pleadings is denied.

Date: March 19, 2008

JOHN W. DARRAH
United States District Court Judge